## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

MARK W. DOBRONSKI,
an individual,                                          Case No. 2:20-cv-12862

        Plaintiff,                                 Hon. Robert H. Cleland

v.                                                              Magistrate David R. Grand

MANASSEH JORDAN
MINISTRIES, INC., et al.,

        Defendants.
_____/

## DEFENDANTS RAS REALTY MANAGEMENT LLC'S, DAVID FEW'S, AND ROBERT SEIBEL'S BRIEF IN OPPOSITION TO PLAINTIFF MARK DOBRONSKI'S MOTION FOR EXTENSION OF TIME

Defendants RAS Realty Management LLC, David Few, and Robert Seibel (hereinafter "Defendants"), by and through their attorneys, **MCDONALD HOPKINS PLC** and for their Brief in Opposition of Plaintiff Mark Dobronski's (hereinafter "Plaintiff") motion for extension of time, state as follows:

### BACKGROUND

On September 22, 2020, Plaintiff filed a Complaint in Michigan circuit court against twenty-nine (29) named defendants, vaguely sounding in violations of the Telephone Consumer Protection Act of 1991, the Michigan Home Solicitation Sales Act, the Michigan Telephone Companies as Common Carriers Act, and the Michigan Uniform Voidable Transactions Act.

On October 23, 2020, Defendants RAS Realty Management LLC and David Few filed their motion for summary disposition in circuit court, pursuant to Michigan Court Rule 2.116(C)(1), for lack of personal jurisdiction.  On October 26, 2020, this action was removed from state court.  Following removal, on November 2, 2020, Defendants RAS Realty Management LLC and David Few filed their motion to dismiss with this Court, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), for lack of personal jurisdiction and failure to state a claim. Also on November 2, 2020, Defendant Robert Seibel filed his motion to dismiss, pursuant to Federal Rules 12(b)(2) and 12(b)(6), for lack of personal jurisdiction and failure to state a claim.  On November 4, 2020, this Court entered an Order titled "Notice of Determination of Motion Without Oral Argument."  (ECF No. 21.).  In the Court's Order, Plaintiff was given until November 24, 2020, in which to file his response to Defendants' motions to dismiss.

## ARGUMENT

Requests for extensions of time are governed by Federal Rule of Civil Procedure 6.  The Rule provides, in relevant part, that "[w]hen an act may or must be done within a specified time, the court may, *for good cause*, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires.  Fed. R. Civ. P. 6(b)(1)(A) (emphasis added).

A party shows good cause by demonstrating a "reasonable justification" for

its failure to complete the requested task within the time prescribed. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir.2001). It may do so by advancing specific facts which describe the magnitude of the undertaking, the time available for completion, and circumstances which would prevent a reasonable person from performing within the time allowed by a statute or court rule. *U.S. ex rel. Kalish v. Desnick*, 765 F. Supp. 1352, 1354 (N.D. Ill. 1991). Generalizations and conclusory allegations will not suffice. *Id*. The requirement that good cause be shown for an extension of time to be granted is not the equivalent of routinely allowing extensions of time. *Id.* (citing *Kleem v. Immigration and Naturalization Service*, 479 U.S. 1308 (1986); *United States Steel Corporation v. United States Environmental Protection Agency*, 605 F.2d 283, 286–90 (7th Cir.1979); *United States v. Fields*, 703 F.Supp. 749, 751–52 (N.D. Ill. 1989). Indeed, "[t]he plain language of the rule demonstrates that the good cause standard in the rule is discretionary – even if a party demonstrates good cause, a district court is not required to grant a motion to extend time." *Ott v. Fed. Home Loan Mortg. Corp.*, 535 F. App'x 488, 489 (6th Cir. 2013).

In the instant matter, Plaintiff has brought a frivolous lawsuit against Defendants in a wholly inappropriate forum. Plaintiff's Complaint is devoid of legal and factual merit as against RAS Realty Management LLC, David Few, and Robert Seibel. Defendants RAS Realty Management LLC and David Few swiftly put Plaintiff on notice by filing their motion to dismiss in state court, nearly seven (7)

weeks ago on October 22[1], for lack of personal jurisdiction.  Upon removal to this Court, Plaintiff was well aware of Defendants' position.

Plaintiff has had abundant notice of the Defendants' motion – considering it was initially filed in the state court action – as well abundant notice of this Court's Order regarding time to respond – considering it was entered on November 4.  Yet, despite having more than ample time to assess Defendants' positions regarding personal jurisdiction, Plaintiff waited until ***one day*** before the deadline to file his motion for extension of time.  There was no reasonable justification for Plaintiff to do so.  Interestingly, Plaintiff filed a response to one of the other named defendant's motion to dismiss in this case on November 23, but not the others.  (See Plaintiff's Response to Defendant Ytel's Motion to Dismiss, ECF No. 61).

Plaintiff has unilaterally initiated this lawsuit and instituted these proceedings. He cannot now rely on the negligible excuse that he is inundated with dispositive motions.  Such was a foreseeable result of him bringing this suit.  And make no mistake, although Plaintiff is not a lawyer, he is very well accustomed to litigation and indeed, very familiar with the legal issues before this Court, having litigated them on multiple occasions.  Plaintiff admits as much in his response to Defendant

---

[1] Defendants RAS Realty Management LLC and David Few were the first defendants to move for dismissal in the State Court.

Ytel's motion to dismiss.  (See Plaintiff's Response to Defendant Ytel's Motion to Dismiss, ECF No. 61, page 4.).

Defendants wish their motions to dismiss be decided by this Court without delay.  It was Plaintiff's responsibility, and Plaintiff's alone, to ensure his lawsuit was filed in a Court with proper jurisdiction before the Complaint was filed.  Not only were Defendants sued in a Court that lacks personal jurisdiction over them, but Plaintiff's purported Complaint fails to state a claim upon which relief can be granted as against them.  Now, Plaintiff has flouted this Court's Order, missed the deadline to file his response to Defendants' motion to dismiss, and therefore, Defendants' motion to dismiss should be granted.

## CONCLUSION

**WHEREFORE**, for the reasons set forth above, Defendants RAS Realty Management LLC, David Few, and Robert Seibel respectfully requests that this Honorable Court:

A. Deny Plaintiff's motion for extension of time;

B. Grant Defendants David Few, Robert Seibel, and RAS Realty Management, LLC's Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2), due to lack of personal jurisdiction;

C. Alternatively, and only if this Court does not grant the motions to dismiss the case in its entirety for lack of personal jurisdiction as against

Defendants David Few, Robert Seibel, and RAS Realty Management, LLC, and if jurisdiction in the Eastern District of Michigan is retained, then, pursuant to Fed. R. Civ. P. 12(b)(6), grant Defendants' Motions to Dismiss for failure to state a claim upon which relief can be granted; and

D. Grant Defendants David Few, Robert Seibel, and RAS Realty Management, LLC their costs pursuant to, among other things, L.R. 7.1(a)(3) and other applicable law, as well as any and all further relief this Court deems just and appropriate.

Respectfully submitted,

**MCDONALD HOPKINS PLC**

**Dated**: December 7, 2020      By:   _/s/ Alexander A. Ayar_____
Alexander A. Ayar (P69623)
Mitchell A. Capp (P84197)
39533 Woodward Avenue, Suite 318
Bloomfield Hills, MI 48304
Phone: (248) 220-1353
Email:AAyar@McDonaldHopkins.com

*Attorneys for Defendants RAS Realty
Management, LLC, David Few, and
Robert Alan Seibel, Only*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 7, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the E-Filing System which will send notification of such filing to all counsel of record.

I further certify that I served the foregoing paper along with this Proof of Service upon Mark W. Dobronski, P.O. Box 85547, Westland, MI 48185; via email, markdobronski@yahoo.com, and U.S. Mail by placing said copy in an envelope properly addressed as above, affixed with sufficient postage to insure first class delivery and placed in the United States Mail, Bloomfield Hills, MI 48304.

/s/Alexander A. Ayar
Alexander A. Ayar (P69623)
