# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARK W. DOBRONSKI,

     Plaintiff,

v.

MANASSEH JORDAN
MINISTRIES INC., *et. al*.

     Defendants

Case No. 3:20-CV-12862
District Judge Robert H. Cleland
Magistrate Judge David R. Grand

/_____/

Mark W. Dobronski
*Pro Se*
P.O. Box 85547
Westland, MI 48185
734.641.2300

John A. Hubbard (P39624)
**HUBBARD SNITCHLER &**
**PARZIANELLO PLC**
Attorney for Defendant YTEL, Inc.
801 W. Ann Arbor Trail, Suite 240
Plymouth, MI 48170
313.672.7300
jhubbard@hspplc.com

/_____/

## DEFENDANT YTEL, INC'S REPLY BRIEF IN SUPPORT OF ITS
## AMENDED MOTION TO DISMISS
## DUE TO LACK OF PERSONAL JURISDICTION

# **TABLE OF AUTHORITIES**

| **Case Law** | **Page** |
|---|---|
| *ABG Prime Group, Inc v Mixed Chicks, LLC*, No. 17-13257, 2018 WL 7134647, at *2 (ED Mich, May 16, 2018, Hon. Robert H. Cleland) | 3 |
| *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1236 (6th Cir 1981) | 5 |
| *Conn v. Zakharov*, 667 F. 3d 705, 711 (6th Cir. 2012) | 3 |
| *Odish v. Peregrine Semiconductor, Inc.,* No. 13-cv-1402, 2015 WL 1119951 (E.D. Mich. Mar. 11, 2015) | 5 |
| *Yoost v. Caspari*, 295 Mich. App. 209, 225 (2012) | 5 |

**Federal Rules**
Fed. R. Civ. P. 12(b)(2)                                                                                        3, 4

**Statutes**
MCL 600.705(1)                                                                                                      4
MCL 600.705(2)                                                                                                      4

Defendant Ytel, Inc ("Ytel"), by and through its attorneys, Hubbard Snitchler & Parzianello PLC for its Reply Brief, states as follows:

### I. Plaintiff Fails to Establish a Prima Facie Case for Personal Jurisdiction

A plaintiff bears the burden of establishing personal jurisdiction by a preponderance of the evidence. *Conn v. Zakharov*, 667 F. 3d 705, 711 (6th Cir. 2012). When a defendant contests personal jurisdiction through a Federal Rule of Civil Procedure 12(b)(2) motion to dismiss, the plaintiff "may not stand on his pleading but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *ABG Prime Group, Inc v Mixed Chicks, LLC*, No. 17-13257, 2018 WL 7134647, at *2 (ED Mich, May 16, 2018, Hon. Robert H. Cleland) *quoting Carrier Corp. v. Outokumpu Oyj*, 673 F. 3d 430, 449 (6th Cir. 2012) (*quoting Theunissen v. Matthews*, 935 F. 2d 1454, 1458 (6th Cir. 1991) ). *See attached Exhibit A*.

### A. Ytel did not initiate or place any calls or send any messages into the State of Michigan

Plaintiff admits in paragraph 136 of his Complaint that Ytel's telephone service was "utilized by Defendants to initiate the prerecorded voice message calls." (ECF 1-2, Complaint ¶ 136).

Ytel's Affidavit confirms that Ytel does not initiate any calls, but that all calls are all directed by Ytel's customers with no input by Ytel. (See ECF 6, Amended

Motion, Ex 1 at P. 8-9). Plaintiff has not submitted any contradictory facts by "affidavit or otherwise".

Further, it is common for a telephone service provider to provide telephone numbers for a customer to use to make calls. Plaintiff misstates the import of the subpoena response set forth in **Exhibit B** to his Response Brief. (ECF No. 61). The provision of telephone numbers to a customer for use does not constitute "spoofing" or "blocking" by Ytel's customer when making calls, nor is the provision or use of such numbers violative of the TCPA or the plain language of 47 CFR 64.1601(e)(1).[1]

Plaintiff has provided no evidence beyond mere conjecture and supposition that Ytel's activities with respect to its provision of telephone services to its customers rises to the level that Ytel itself should be considered to have initiated the allegedly violative telephone calls in Michigan.

Accordingly, Plaintiff has not established a prima facie case for limited personal jurisdiction under MCL 600.705(1) for actions "arising out of "the transaction of business within the state" or caused 'an act to be done or consequences to occur in Michigan" resulting in an action for tort under MCL 600.705(2).

---

[1] Likewise; **Exhibit A** to the Response Brief (ECF No. 61) does not provide any supportive evidence regarding personal jurisdiction as it is a ruling by a California court regarding Ytel's Motion to Dismiss under **Fed. R. Civ. Pro 12(b)(6)** in another proceeding – misrepresented by Plaintiff as a 12(b)(2) motion. See Response Brief at p. 4. (ECF No. 61).

### B. Plaintiff cannot meet his burden to establish personal jurisdiction because Plaintiff does not provide any evidence beyond conjecture <u>that Ytel conspired with any of the Defendants</u>

Plaintiff makes broad, vague, and unsupported allegations that all of the 29 Defendants are somehow in conspiracy with all the other Defendants, and thus Ytel is subject to personal jurisdiction in Michigan on the basis of the purported wrongful acts of an alleged co-conspirator in Michigan. Mere allegations that a conspiracy exists between the defendant and another over whom the court has jurisdiction is insufficient to establish jurisdiction. *Odish v. Peregrine Semiconductor, Inc.,* No. 13-cv-1402, 2015 WL 1119951 (E.D. Mich. Mar. 11, 2015)(*see attached* **Exhibit B***)*; *Chrysler Corp. v. Fedders Corp*., 643 F.2d 1229, 1236 (6th Cir 1981); *Yoost v. Caspari*, 295 Mich. App. 209, 225 (2012)(evidence or facts must support the allegations of conspiracy).

The *Yoost* court, concluding that there was no personal jurisdiction based on the allegations of conspiracy, reversed the trial court, holding that:

> Here, multiple explanations exist for the facts the trial court relied on to assert jurisdiction. Evidence is simply lacking to establish 'a logical sequence of cause and effect' to reach the conclusion that Asher controlled this litigation through Yoost to the extent that 'Yoost in this case is the puppet and Asher is the puppeteer.' Rather, this conclusion is reached only through speculation and conjecture, which are insufficient to establish a prima facie case for limited personal jurisdiction over Asher. Jeffrey,448 Mich. At 184,529 NW 2d 644; see Berryman, 193 MichAapp at 92,483 N.W. 2d 642.

See *Yoost*, 295 Mich. App. at 228.

In this case, Plaintiff has provided no facts or evidence that could establish any conspiracy involving Ytel with any of the Defendants. Plaintiff's conspiracy allegations are conclusory and based on conjecture and speculation. These unsupported allegations are insufficient to establish limited personal jurisdiction over Ytel.

## CONCLUSION

Based on the foregoing, Defendant Ytel respectfully requests that this Court dismiss Ytel due to lack of personal jurisdiction.

                Respectfully submitted,

                /s/ *John A. Hubbard*
                John A. Hubbard (P39624)
                **HUBBARD SNITCHLER & PARZIANELLO PLC**
                Attorney for Defendant YTEL, Inc
                801 W. Ann Arbor Trail, Suite 240
                Plymouth, MI 48170
                313.672.7300
                jhubbard@hspplc.com

Dated: December 8, 2020

## CERTIFICATE OF SERVICE

      I hereby certify that on December 8, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which shall serve a copy of the same on all attorneys and parties of record. A copy of the foregoing was sent to the address below via US First Class Mail.

Mark W. Dobronski
*Pro Se*
P.O. Box 85547
Westland, MI 48185
734.641.2300

                                                   */s/ Karen Kasparek*
                                                   Karen Kasparek
                                                   Legal Assistant