**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

---

MARK W. DOBRONKSI,

    Plaintiff,

v.                                            Case No. 20-12862

MANASSEH JORDAN MINISTRIES, INC., et. al.

    Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S "MOTION TO REMAND" AND
REMANDING CASE TO WASHTENAW COUNTY CIRCUIT COURT**

**I. INTRODUCTION**

Plaintiff Mark W. Dobronski filed suit in Washtenaw County Circuit Court against twenty-nine Defendants alleging various violations of the Telephone Consumer Protection Act (TCPA). Two of the twenty-nine removed the case to this court. (ECF No. 1.) Plaintiff seeks to remand the case to state court because Defendants' removal notice did not indicate they had sought and received consent for removal from all other Defendants. (ECF No. 53.) Since the court finds that removing Defendants did not obtain consent from at least two fellow Defendants, the court must remand the case because removing Defendants have failed to obtain unanimous consent more than two months after the case's initial removal.

**I. PROCEDURAL HISTORY**

*Pro Se* Plaintiff Mark W. Dobronski filed his complaint on September 22, 2020 in Washtenaw County Circuit Court. (ECF No. 1-2.) The two "removing Defendants," Vessels of Oil Ministries, Inc., and Charlie Berrian, were served on September 26th,

2020. (ECF No. 1-4, PageID.56.) Plaintiff was inconsistent in effectuating service against the rest of Defendants and in how he filed proofs of service with the court. (*See* ECF Nos. 1-4, 2, 7, 8, 9, 10.) While it appears that the majority of the twenty-eight Defendants currently involved in the litigation were served between September 26th and October 26th of 2020, it remains unclear if Plaintiff has even attempted to serve all Defendants.

On October 26th, 2020, removing Defendants filed a notice of removal with the court under 28 U.S.C. § 1441(a) based on federal question jurisdiction. (ECF No. 1.) The notice of removal, however, does not contain any indication that consent from any other served Defendants was sought or obtained. (*See id.*)

Plaintiff moved to remand because all Defendants who were properly joined and served did not join in or consent in writing to the removal, as required by 28 U.S.C. § 1446(b)(2)(A). (ECF No. 53.) Twenty-one of the twenty-eight remaining Defendants joined or concurred in three separate responses filed in opposition to Plaintiff's motion to remand. (*See* ECF Nos. 66, 67, 68, 69, 70, 71.) All these responsive filings were docketed on December 8th, 2020. (*See id.*) Three other Defendants, Zoe Ministries, Inc., Elijah Bernard Jordan, and Debra Ann Jordan, who currently have defaults entered against them, *(see* ECF Nos. 15, 17, 18), sent an email to removing Defendants on December 8th, 2020, indicating they also consented to removal. (ECF No. 82-1, PageID.1000.) But this email was presented to the court only in a separate filing ten days later. (*Id.*) These three Defendants have since moved to set aside the default entered against them by the clerk. (*See* ECF No. 64.)

By the court's count, there are four remaining served Defendants who have not yet provided any indication of consent to the action's removal to federal court. Manasseh Jordan Ministries, Inc. and MJ Ministries LLC were both purportedly served on October 5th, 2020, (*See* ECF No. 27), and they each have had a default entered against them. (ECF Nos, 30, 31.) Likewise, Kingdom Ministries Church, Inc was purportedly served on September 26th, 2020 and has had a default entered against it. The status of the fourth non-consenting Defendant, Yakim Manasseh Jordan, is unclear, but it appears he was not served until November 2nd, 2020 after the removal notice had been filed. (ECF No. 2, PageID.59.)[1]

Plaintiff contends that the case should be remanded for two main reasons. First, he argues that the removing Defendants "made no attempt to obtain consent" of other Defendants during the "thirty-day removal window" outlined in 28 U.S.C. 1446(b)(2)(A). (ECF No. 78, PageID.873; *see also* ECF No. 53, PageID.496.) So, Plaintiff reasons, the removal petition is facially invalid. (*Id.*) Second, Plaintiff argues that despite Defendants' contentions to the contrary, three defaulted Defendants (Kingdom Ministries Church, Inc., Manasseh Jordan Ministries, Inc., and MJ Ministries LLC) were all properly served Defendants who have failed to consent. (ECF No. 78, PageID.871.)

Defendants opposing remand respond, arguing that the breach of the "rule of unanimity" is a technical defect that can be cured beyond the thirty-day statutory time limit, and that the late consent of other Defendants is therefore sufficient to establish the unanimity required for removal. (ECF No. 66, PageID.761.) Second, Defendants

---

[1] Consent is generally only required from parties who were properly served at the time of removal. *See Klein v. Manor Healthcare Corp.*, 1994 WL 91786, at *5 (6th Cir. Mar. 22, 1994).

3

contend that proper consent is not required from three defaulted entities cited by Plaintiff because none of three were properly served at the time of the case's removal. (ECF No. 69, PageID.782-83.) Third, removing Defendants argue in alternative that they should be granted leave to amend their removal notice. (ECF No. 69, PageID.787-88.) Finally, Defendants contend the case should not be remanded because Plaintiff has already acquiesced to the federal court's jurisdiction by seeking the entry of several default judgments. (ECF No. 66, PageID.765-66.)

The court finds, however, that because unanimous consent has not been achieved, the case must be remanded.

## IV. DISCUSSION

### A. Removing Defendants Failed to Establish Unanimous Consent for Removal

Title 28 U.S.C. § 1441 permits the removal of certain civil actions to federal district court, and § 1441(a) states that, typically, a defendant may remove to this court any civil action over which this court would have original jurisdiction. The procedures that a defendant must follow to remove a case to federal court are set forth in 28 U.S.C. § 1446. Section 1446 requires that each defendant must file, or join in, the notice of removal within thirty days after the defendant received its copy of the initial complaint. This provision has been interpreted to require that defendants unanimously consent to removal. See *Loftis v. UPS*, 342 F.3d 509, 516 (6th Cir. 2003) ("Consistent with the prevailing view, we hold that all defendants in the action must join in the removal petition or file their consent to the removal in writing within thirty days."); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999) ("The rule of unanimity requires that in order for a notice of removal to be properly before the court,

4

all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal.").

Further, the court must strictly construe the notice of removal and "resolve[] all doubts against removal." *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir.1989). And, "[t]he party seeking removal bears the burden of establishing its right thereto." *Id.* (*citing Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-98 (1921)).

The Sixth Circuit has found that there are "at least three ways to satisfy this rule: all parties that have been served or otherwise properly joined may (1) join in the removal, (2) file a written consent to removal, or (3) oppose a motion to remand." *City of Cleveland v. Ameriquest Mort. Sec., Inc.*, 615 F.3d 496, 501 (6th Cir. 2010) (citations omitted). Despite the use of a standard that favors remand, the Sixth Circuit, "has clarified that a breach of the rule of unanimity is a technical defect to removal." *Wilson v. ThyssenKrupp Elevator Corp.*, No. 2:20-CV-2138, 2020 WL 6042012, at *3 (S.D. Ohio Oct. 13, 2020) (citing *Loftis*, 342 F.3d at 516-17). And, such "[t]echnical defects can generally be cured beyond the thirty-day time limit." *Id.* (citing *Klein v. Manor Healthcare Corp.*, 1994 WL 91786, at *5 (6th Cir. Mar. 22, 1994)). Therefore, the fact that twenty-one of the Defendants officially registered their consent at a time some 40 days after removal is not necessarily fatal. While such a delay in providing consent in the present action could be considered the type of technical defect that can be excused because "pertinent case law demonstrates a trend towards excusing technicalities of removal when the pertinent defendants have *clearly indicated their consent to federal jurisdiction*" the court need not definitively decide the issue of 40-days-versus-30-days

5

because remand is appropriate on other grounds. *See Jr. Food Stores, Inc. v. Hartland Constr. Grp., LLC,* 2019 WL 5430355, at *3 (W.D. Ky. Oct. 23, 2019) (emphasis added). Specifically, because unanimity among Defendants must be established, the court must consider whether the lack of consent from the defaulted Defendants Kingdom Ministries Church, Inc., Manasseh Jordan Ministries, Inc., and MJ Ministries LLC. bars the case's removal. (ECF No. 78, PageID.871.) The court concludes that it does.

There are three exceptions to the general rule that all defendants join or consent to the removal. An exception may apply when: (1) the non-joining defendant has not been served with service of process at the time the removal petition is filed; (2) the non-joining defendant is merely a nominal or formal party; and (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c). *Klein*, 1994 WL 91786, at *3 n.8. This court has previously, in unpublished decisions, declined to "fashion an excuse. . . from the unanimity requirement" for a defendant's failure to obtain consent from a properly served but defaulted co-defendant. *See Collinge v. Kiesgen*, 2008 WL 11355307, at *2 (E.D. Mich. Mar. 31, 2008) (Cleland, J.); *see also First Indep. Bank v. Trendventures, L.L.C.*, 2008 WL 253045, at *6 n.11 (E.D. Mich. Jan. 30, 2008) (declining to recognize " a 'non-appearing, defaulted defendant' exception to the unanimity rule as the exception has not been recognized by the Sixth Circuit… [or] by any federal appellate court") (Friedman, J.). Therefore, Plaintiff's failure to obtain unanimous consent, even if it be from only one properly served defendant is enough to necessitate a remand to state court. *See id.* Removing Defendants concede that these three defaulted Defendants have not consented to removal. Instead, Defendant argues that the three Defendants were not properly joined and served in the first place. (ECF

6

No. 69, PageID.785-86.) Therefore, the court examines the service of each of these three Defendants in turn.

Kingdom Ministries Church, Inc. is a non-profit Georgia corporation with its principal place of business in Georgia. (ECF No. 77, PageID.866.) In his initial complaint, Plaintiff alleges that while the entity was administratively dissolved by the State of Georgia in 2019, it continues to be used as an *alter ego* by co-Defendant David Few. (ECF No. 1-2, PageID.18.) Plaintiff filed a certificate of service with the court indicating, through the affidavit of a process server, that a copy of the summons and complaint against Kingdom Ministries was personally served upon its President David Few on September 26, 2020. (ECF No. 7, PageID.138.) The clerk later granted Plaintiff's request for the entry of a default against Kingdom Ministries. (ECF No. 16.)

In response to Plaintiff's motion to remand, Defendants argue that, as a defaulted entity, Kingdom Ministries was never properly served. (ECF No. 71, PageID.817 ("Kingdom Ministries Church, Inc. . . . ha[s] never been properly served. In fact, as alleged in Plaintiff's Complaint, Kingdom Ministries Church, Inc. is a dissolved entity that no longer exists."); ECF No. 66, PageID.757; ECF No. 69, PageID.787.) Besides this short assertion, none of the response briefs provide a further explanation for why personal service was improper as to this defendant. As Defendants acknowledge, service of such a foreign corporation must be conducted according to Mich. Ct. R. 2.105 (D). [2] (ECF No. 69, PageID.785.) The rule provides that:

---

[2] Three additional defaulted Defendants E. Bernard Jordan, Debra Jordan, and Zoe Ministries tried to provide their consent by sending an email to the removing Defendants indicating that they also consented to the removal on December 8th, 2020. (*See* ECF No. 82-1.) They did not file anything formally with the court. This raises the question of whether merely sending an email to another party is sufficient to constitute

7

> Service of process on a domestic or foreign corporation may be made by . . . (3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired. . .

Mich. Ct. R. 2.105 (D). Plaintiff argues that, despite the dissolution, service on Few was proper because the alleged tortious conduct took place before the entity was administratively dissolved. (ECF No. 77, PageID.858-59.) He contends that under Georgia statute he can still bring a valid tort claim against the entity.

After reviewing the affidavit of the process server, (ECF No. 7), the court agrees that Kingdom Ministries appears to have been properly served at the time of the case's removal. The affidavit sufficiently states the manner, time, and location of personal service of the complaint as required by Mich. Ct. R. 2.104(3).  Plaintiff has also provided records—corroborated by a Georgia Secretary of State database—indicating that David Few was the last listed President/CEO of Kingdom Ministries. (ECF No. 77, PageID.866-67.) *See Business Search Tool*, Georgia Corporations Division, https://ecorp.sos.ga.gov/BusinessSearch/BusinessInformation?businessId=2139076&businessType=Domestic%20Nonprofit%20Corporation&fromSearch=True (last visited Jan. 5, 2021) (listing David Few as the registered agent and "CEO" of Kingdom

---

"written consent to removal." *See City of Cleveland v. Ameriquest Mort. Sec., Inc.*, 615 F.3d 496, 501 (6th Cir. 2010). While this issue is not fully briefed the court is skeptical that such an email, especially after the 30-day removal deadline, would be sufficient to fulfill the statutory requirement. *See, e.g.*, *Holliday v. DMJ Mortg. Capital, Inc.*, 2007 WL 3085897, at *3 (C.D. Ill. Oct. 19, 2007) (finding an email to co-defendant's counsel "-mail is not sufficient to constitute official notice" because the defendant "has never indicated its consent to removal to the Court."); *Freeman v. State Farm Mut. Auto. Ins. Co.,* 2019 WL 181274, at *2 (S.D. Tex. Jan. 11, 2019) (holding that "an e-mail exchange between counsel for [Defendants] Progressive and State Farm before the expiration of the 30-day removal period" does not constitute consent because a "formally file[d] notice of State Farm's consent" was required by  28 U.S.C. § 1446(b)).

Ministries). And, Plaintiff is correct that Georgia statute allows tort claims to be brought against entities that are in an administratively dissolved status. *See* Ga. Code Ann. § 14-4-161. In sum, the court concludes that Plaintiff has met the initial burden of proving the validity its service on Kingdom Ministries. *See Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F.Supp. 2d 561, 563 (E.D. Mich. 2006) ("The party on whose behalf service of process was made has the burden of establishing its validity.").

Manasseh Jordan Ministries, Inc. ("MJM, Inc.) and MJ Ministries LLC (MJM, LLC) were both incorporated and have their principal places of business in in New York. (ECF No. 1-2, PageID.18-19.) They also share the same address. (*Id.*) Plaintiff filed a Certificate of Service with an attached affidavit indicating that co-Defendant Frank Peter Juliano was served on Oct. 5th, 2020 by registered mail on behalf of both MJM, Inc. and MJM, LLC. (ECF No. 27-1, PageID.169.) It contained a signed, returned certificate of service. (*Id.* at 170.) On November 5th, 2020, the clerk entered a default against both MJM, Inc. and MJM, LLC. (ECF Nos. 30, 31.)

A response brief filed by some of the co-Defendants—including Juliano—argues that such service was improper because Juliano "did not sign for the certified mail nor does he recognize the signature on the certified mail return receipt, nor did he authorize any agent to sign on his behalf." (ECF No. 69, PageID.786-87.) In support, Defendants attached a sworn affidavit from Juliano attesting to these facts and also stating that he was not in any way affiliated with either entity (ECF No. 69-2, PageID.796.)

In his reply brief, Plaintiff argues that Juliano's affidavit likely contains false information, and that MJM, Inc. has a long history of trying to evade service. (ECF No. 80, PageID.889-90) (alleging that Juliano has denied he was served in at least three

9

previous cases). In support, Plaintiff points to a March 5th, 2018 affidavit submitted by Juliano in a U.S. Bankruptcy Court action, in which Juliano expressly stated that he "serv[ed] as the Chief Operating Officer for the Christian organization, Manasseh Jordan Ministries, Inc." (*Id.* at 891.) Plaintiff also points to a Northern District of Illinois action from 2018 where an attorney for MJM, Inc. identifies Juliano as its CEO in an affidavit. (*Id.* at 892.) Given MJM, Inc.'s past attempts at evading service, Plaintiff states that he took sufficient extra steps to effectuate service through alternative means—by serving both Naomi Cook and Charlie Berrian, who are listed as directors of MJM, Inc. on its incorporation documents. (*Id.* at 888-89.)

Even if we assume that Julinao's affidavit is truthful and that he is no longer affiliated with MJM, Inc., Plaintiff's brief does not question the validity of service effected against Cook and Berrian.[3] An affidavit states that Cook was served by certified mail on October 19th and that a copy of the complaint was also mailed to MJM, Inc.'s corporate address. (*Id.* at 963.) And Berrian was personally served on September 26th, 2020. (ECF No. 80, PageID.967.) These two affidavits appear to be facially valid, so service was done in compliance with Mich. Ct. R. 2.105 (D). Therefore, the court must conclude that MJM, Inc. was properly served.

---

[3] Given the evidentiary conflict that exists as to whether Juliano was properly served on behalf of both MJM, Inc. and MJM, LLC, the court would likely need to hold an evidentiary hearing to resolve the issue. The court declines to hold such a hearing at this juncture because other independent grounds supporting remand exist (including the proper service of MJM, Inc. through its directors). Therefore, the court will not reach a determination on whether MJM, LLC was properly served.

## B. Defendants' Request for Additional Time is Denied

Defendants argue that even if the court finds they have not yet obtained unanimous consent, they should be allowed additional time to gain consent because the 30-day removal deadline is merely a technical requirement. (ECF No. 66, PageID.763-64; ECF No. 69, PageID.788-89.) Defendants further note that "the individuals that [Plaintiff] allegedly ties to defendants [Kingdom Ministries, MJM, Inc, and MJM, LLC]—Few and Juliano—have consented to removal and are opposing Dobresnski's request for remand." (ECF No. 66, PageID.764.)

This court however has considered and rejected similar arguments in the past. In *Collinge*, this court declined to allow a Defendant an extra opportunity to amend its removal notice approximately two months after initially filing the notice in an attempt at obtaining the consent of a defaulted co-defendant. *Collinge*, 2008 WL 11355307, at *1 (declining to allow further amendments, in part, because defaulted defendant "had been served before the removal and have not indicated their post-removal consent even at this late date"). Likewise, in the present case, over two months have passed since Defendants initially filed for removal in Washtenaw County Circuit Court last October. (ECF No. 1.) Defendants, at minimum, needed to demonstrate in their responsive briefing how they had belatedly gained the consent of all other Defendants; they have failed to do so. Granting the removing Defendants a third attempt at getting their ducks in a row would ignore the language of 28 U.S.C. § 1441 and be prejudicial to Plaintiff who should not have to experience months of unnecessary delay.

The fact that both Defendants Few and Juliano have consented to this court's jurisdiction in their personal capacity does not strengthen Defendant's argument for

removal. It means that Few and Juliano have either made the strategic decision not to exercise authority over the defaulting entities or it means, as Juliano actually alleges, that they do not have authority over the defaulted Defendants.

### C. Plaintiff has not Acquiesced to Federal Jurisdiction

Defendants in the alternative argue that Plaintiff has acquiesced to federal jurisdiction because he filed "several requests for the entry of defaults" against defendants once the case was removed to federal court. (ECF No. 66, PageID.766.)

Waiver is found where the "affirmative conduct or unequivocal assent" is "of a sort which would render it offensive to fundamental principles of fairness to remand." *Godman v. Sears Roebuck & Co.*, 588 F. Supp. 121, 124 (E.D. Mich. 1984). Acts that are merely "responsive" to requests or motions filed the defendants are not grounds for waiver. *Id.* But a plaintiff may waive his right to object to the procedural irregularities of a removal when he "act[s] affirmatively to submit [him]self to the jurisdiction of the federal court." *Lanier v. American Bd. Of Endodontics*, 843 F.2d 901, 904 (6th Cir. 1988). "[T]he district court has broad discretion in deciding whether a plaintiff has waived a right to object to procedural irregularities in removal proceedings." *Id.* at 905.

To support their view, Defendants point to a single Oregon case where the court found that the pursuit of a default judgment demonstrated acquiescence to the Federal Court's jurisdiction. *See Riggs v. Plaid Pantries, Inc.,* 233 F. Supp. 2d 1260, 1272 (D. Or. 2001) ("Thus, seeking and obtaining an order of default from a federal court is not an insignificant, ministerial act."). But Plaintiff responds by citing several cases all reaching the conclusion that seeking the entry of a default does not constitute waiver.

(ECF No. 80, PageID.901.) *See, e.g., Roylance v. ADT Sec. Services, Inc.,* 2008 WL 2168690, at *5 (N.D. Cal. May 22, 2008) ("This Court agrees with those courts that have concluded that the filing of a jury demand and the filing of a request for clerk's entry of default are insufficient to waive procedural defects in removal."); *Innovacom, Inc. v. Haynes*, 1998 WL 164933, at *2 (N.D.Cal. Mar. 17, 1998) ("The Court also concludes that plaintiff's requests for entries of default do not make it 'offensive to fundamental principles of fairness' in this case to allow plaintiff to argue that defendants' removal was defective."); *Noel v. Pizza Hut, Inc* ., 1991 WL 192117, at *2 (D.Kan. Sept. 18, 1991) ("Defendants argue that by participating in this case while it has been pending in federal court, the plaintiffs have waived any objections they have to removal. The court disagrees.").

As one district court more recently noted, "it is clear that the view espoused [by *Riggs*]—that the bare request for a Clerk's Certificate of Default by a plaintiff results in waiver of the right to seek remand due to procedural defect—constitutes the minority position among the district courts to have considered the issue." *Bedminster Fin. Grp., Ltd. v. Umami Sustainable Seafood, Inc.,* 2013 WL 1234958, at *5 (S.D.N.Y. Mar. 26, 2013). Defendants cite no Sixth Circuit precedent in support of its favored (minority) view. Therefore, the court sees no reason to depart from the majority position here and finds that Plaintiff's requests for entry of default judgment did not constitute acquiescence to federal jurisdiction.

## V. CONCLUSION

For the reasons explained above, the court finds that removing Defendants have failed to establish they have obtained unanimous consent required for removal of a state court action to Federal Court under 28 U.S.C. § 1446. Accordingly,

IT IS ORDERED that Plaintiff's "Motion to Remand" (ECF No. 53) is GRANTED and this case is REMANDED to Washtenaw County Circuit Court.

IT IS FURTHER ORDERED that all other outstanding motions are DENIED as moot.

                                                s/Robert H. Cleland             /
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: January 19, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 19, 2021, by electronic and/or ordinary mail.

                                                s/Lisa Wagner               /
                                                Case Manager and Deputy Clerk
                                                (810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\20-12862.DOBRONSKI.Motion.to.Remand.AAB.RHC.docx